**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSHUA SCOTT,** *Plaintiff* | § | |
| **v.** | § | **Case No. 1:26-CV-00772-RP** |
| **UNITED STATES POSTAL SERVICE, ET AL.,** *Defendants* | § | |

**ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Joshua Scott's Application to Proceed *In Forma Pauperis*. Dkt. 4. Because Scott is requesting permission to proceed in forma pauperis, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

## I. REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Scott's financial affidavit and determined he is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Scott's request for *in forma pauperis* status, Dkt. 4. The Clerk

of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Scott is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Scott's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II. REVIEW OF THE MERITS OF THE CLAIM

Because Scott has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

This complaint arises from Defendant United States Postal Service's ("USPS") alleged failure to pay two arbitration awards to Scott. Beginning in 2015, Scott worked for USPS as a mail carrier. Dkt. 1, at 15. USPS assigned Defendant Mike Johnson as Scott's supervisor. *Id.* Scott alleges that Johnson harassed him at work. *Id.* at 15. In response to the harassment, Scott filed an Equal Employment Opportunity ("EEO") complaint with USPS's internal EEO office. *Id.* at 16. Later, Scott alleges that Johnson "physically shoved" him, resulting in injuries. *Id.* at 17-18. Scott immediately went to a doctor for the injuries, and while he was away from work, another USPS supervisor called Scott to inform him that he could not return, citing a "purported threat" Scott made to Johnson. *Id.* at 19-21.

At the time, Scott was a member of Defendant National Association of Letter Carriers, Alamo Branch 421 ("NALC"). *See id.* at 11. Scott contacted Defendant Richard Gould, his NALC representative, about the shoving incident, and Gould instructed Scott to file an EEO complaint for retaliation. *Id.* at 22. Scott did so that same day. *Id.* at 22 ("This suspension was effectuated on the same day as the physical

assault and on the same day Plaintiff filed his second EEO complaint for retaliation."). Scott's complaints proceeded to arbitration.

After a few weeks, Scott was permitted to return to work. *Id.* at 23. Gould contacted Scott to inform him that since USPS had failed to appear during the arbitration process, a default award had been entered in his favor, including expungement of adverse employment records and back pay for the few weeks that Scott was prohibited from working. *Id.* at 23-24. According to Scott, USPS still has not paid that award. *Id.* at 25.

Three weeks after that, USPS issued Scott a "notice of removal," allegedly citing misrepresentations in applications for workers' compensation benefits. *Id.* at 29. Scott denies having ever applied for those benefits. *Id.* Scott disputed the removal, and this case, too, proceeded to arbitration. *Id.* at 32. Scott alleges that the arbitration resulted in another award in his favor, including expungement of adverse employment records and backpay for the suspended period. *Id.* Scott then returned to work at USPS, where he filed a series of "grievances for management's non-compliance" with the arbitration awards. *Id.* at 32. In December 2016, Scott left USPS because USPS Office of Inspector General ("OIG") agents "informed [Scott] that he was on video opening mail and was not to return to the post office until further notice." *Id.* at 33. Scott again disputed the discharge, and that case proceeded to arbitration, as well. *Id.*

One year later, during "the final stage of the arbitration process" relating to his 2016 discharge, Scott settled that dispute. *Id.* at 34. Under the settlement's terms,

Scott pocketed $9,600 but could not return to work at USPS due to his "failure to protect and secure United States mail." *Id.* at 34. He alleges that USPS never paid the two outstanding arbitration awards associated with his earlier suspensions. *Id.*

Based on these allegations, Scott sues USPS for retaliation and hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); Defendants USPS and NALC for "breach of binding arbitration awards" in violation of the Postal Reorganization Act ("PRA"); NALC, Gould, and Defendant Shawn Boyd, NALC's National Business Agent, for breach of their duty of fair representation under the PRA; and USPS for "wrongful termination in violation of public policy," citing both Title VII and the PRA. *See id.* Scott also sues Johnson and "John/Jane Does 1-10," whom he describes as "individuals whose identities are presently unknown to Plaintiff but who participated in, directed, authorized, or ratified the conduct alleged herein, including but not limited to USPS managerial personnel, supervisory personnel, and [OIG] personnel." *Id.* at 14. Though Scott does not clarify, the undersigned presumes he intended to sue Johnson and John/Jane Does 1-10 under Title VII. Each of these claims should be dismissed.

First, Title VII prohibits discrimination based on race, color, religion, sex, or national origin in all personnel actions affecting employees of USPS. 42 U.S.C. § 2000e-16(e). Scott does not allege that any action by USPS was taken on account of his race, color, religion, sex, or national origin. *See* Dkt. 1. Accordingly, Scott's Title VII claims should be dismissed. *See Pitts v. Waffle House, Inc.*, No. 23-60436, 2024 WL 1904556, at *2 (5th Cir. 2024).

Next, Scott's PRA claims should be dismissed as time-barred. A six-month statute of limitations period applies to an employee's duty-of-fair-representation claim against a union under Section 301 of the Labor Management Relations Act ("Section 301"). *Smith v. Int'l Org. of Masters, Mates, and Pilots*, 296 F.3d 380, 382 (5th Cir. 2002). "[S]ection 301 law applies to [S]ection 1208" of the PRA, which governs Scott's claims here. *Vancourt v. Am. Postal Workers Union*, No. CIV.A. 03-1670, 2003 WL 21999348, at *3 (E.D. La. Aug. 20, 2003), *aff'd sub nom. Van Court v. Am. Postal Workers Union, New Orleans Local No.* 83, 99 F. App'x 562 (5th Cir. 2004); *see also Jackson v. United States Postal Serv.*, No. 3:24-CV-1590-N-BW, 2025 WL 2405213, at *8 (N.D. Tex. June 30, 2025), *R. & R. adopted*, 2025 WL 2402015 (N.D. Tex. Aug. 19, 2025) (concluding plaintiff's claims against USPS for breach of the collective-bargaining agreement and against a union for breach of the duty of fair representation "are analogous to a hybrid action" under Section 301). Accordingly, the six-month statute of limitations applies to Scott's PRA claims.

As the alleged breaches of duty of fair representation took place more than six months before Scott filed suit, the Court should dismiss his PRA claims.[1] Further, any claim for damages under the PRA against Gould and Boyd should be dismissed for the additional reason that money judgments against individual union members

---

[1] Scott asserts without support that because the USPS has not paid either arbitration award, the breach is continuous, tolling any applicable statute of limitations. Dkt. 1, at 61. In the context of claims for breach of the duty of fair representation, equitable tolling is available only when a plaintiff has demonstrated a "good faith" attempt to pursue non-judicial remedies. *Jackson*, 2025 WL 2405213, at *8. Though Scott states he "participat[ed] in the USPS grievance and arbitration process … in which [he] prevailed in two separate binding arbitration proceedings," he does not allege any good-faith non-judicial attempt to resolve the claims in *this* suit. *See* Dkts. 1, at 7, 61; *infra* Part IV.

are unenforceable under the PRA. 39 U.S.C. § 1208(c); *see Hamilton*, 2024 WL 3540474, at *7 ("[F]air-representation claims must be pleaded against the labor organization, and not an individual representative." (internal quotation marks omitted)).

To the extent Scott's suit seeks to enforce the arbitration awards, it is untimely under the Federal Arbitration Act ("FAA"). Scott asserts that two separate binding arbitration awards were issued in his favor in January 2016 and Fall of 2016 respectively. Dkt. 1, at 56. Scott alleges the backpay awarded in both arbitrations has not been paid to him by USPS for nearly a decade. *Id.* at 57. The FAA provides that a party to an arbitration may apply to a federal court at any time within one year for an order confirming or enforcing the award. 9 U.S.C. § 9. Courts within this Circuit have construed this provision as mandatory. *FIA Card Servs., N.A. v. Gachiengu*, 571 F. Supp. 2d 799, 804 (S.D. Tex. 2008) (citing *Bernstein Seawell & Kove v. Bosarge*, No. 86-2036, 813 F.2d 726 (5th Cir. 1987)); *see also Scott v. U.S. Postal Serv.*, No. SA-22-CV-0100-XR, SA-22-CV-01001-XR, 2023 WL 2185794, at *1 (W.D. Tex. Feb. 22, 2023), *R. &. R. adopted*, 2023 WL 2569442 (W.D. Tex. Mar. 17, 2023). Since Scott did not file his motion to confirm or enforce the arbitration award within the one-year period, the Court should dismiss this claim.[2]

Finally, Scott does not cite, and the undersigned is unaware, of any cause of action for "wrongful termination in violation of federal public policy." *See* Dkt. 1, at

[2] The undersigned identifies no authority standing for the proposition that tolling applies to Scott's claims under the FAA. *See* Dkt. 1, at 7. Further, there is no reason Scott could not have filed to enforce the arbitration award within one year on the basis of USPS's alleged ongoing breach.

67. Scott cites Title VII and the PRA as the authority for this claim. *Id.* The undersigned recommends dismissing the claim for the same reasons the Court should dismiss Scott's other Title VII and PRA claims. Further, to the extent Scott intended to raise a claim under the Texas doctrine of "wrongful termination in violation of public policy," it fails, since Scott has not alleged that his employment was terminated because he refused to perform an illegal act. *See Brooks v. AAA Cooper Transp.*, 781 F. Supp. 2d 472, 483 (S.D. Tex. 2011) ("Under Texas law, a claim for wrongful termination in violation of public policy exists only if the employee is discharged 'for the sole reason that [he] refused to perform an illegal act.'" (citing *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985))).[3]

## III. ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Scott's Application to Proceed *In Forma Pauperis*. Dkt. 4. The undersigned **RECOMMENDS** the District Judge **DISMISS** Scott's causes of action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The undersigned **FURTHER RECOMMENDS** that the District Judge **DENY** Scott's motion to amend, Dkt. 3.

[3] Scott requests that "[i]n the event this Court identifies any … matter in the Original Complaint that may subject any claim to dismissal," that the Court grant Scott leave to amend. Dkt. 3, at 5. He does not propose any facts he would add in support of his claims. *See id.* The District Judge should deny the motion since "a bare request in an opposition to a motion to dismiss … without any indication of the particular grounds on which the amendment is sought," does not constitute a motion for leave to amend a complaint. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003); *see also Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 556 (5th Cir. 2007) ("We generally will not construe unelaborated, nested requests for amendment as motions to amend."). Additionally, Scott has unsuccessfully attempted to bring similar claims in other cases. *See infra* Part IV.

The undersigned **FINALLY RECOMMENDS** that the District Judge **DENY** Scott's remaining pending motions, Dkts. 10; 11, as **MOOT**.

The referral of this case to the Magistrate Judge should now be canceled.

## IV. FRIVOLOUS LITIGANT WARNING

Scott brought two previous lawsuits against USPS in this District, which were consolidated and dismissed under Section 1915 as frivolous. *See Scott v. U.S. Postal Serv.*, 2023 WL 2185794, at *1. Scott has also filed another case against USPS in this Court, which the District Judge dismissed for failure to prosecute or comply with a court order. *Scott v. U.S. Postal Serv., San Marcos, Tex.*, No. 1:24-cv-01042-RP, 2024 WL 5324959, at *1 (W.D. Tex. Dec. 10, 2024), *R. & R. adopted*, 2025 WL 97644, at *1 (W.D. Tex. Jan. 14, 2025). The Court has also dismissed yet another of Scott's cases against USPS for failure to timely effectuate service. *Scott v. U.S. Postal Serv.*, No. 1:25-cv-01362-RP, at Dkt. 4.

In addition, the Court has dismissed three of Scott's cases against other defendants for failure to comply with court orders. *Scott v. Bastrop Cnty. Jail*, No. 1:25-cv-01361-RP, at Dkt. 7; *Scott v. McCarthy*, No. 1:24-cv-01079-ADA, at Dkt. 12; *Scott v. Southside Wrecker, Inc.*, No. 1:25-cv-01930-ADA-SH, at Dkt. 7. Finally, Scott filed and voluntarily dismissed two cases in the San Antonio Division: *Scott v. McCarthy*, No. 5:24-cv-00955-FB, at Dkt. 9 (dismissing because Scott refiled in Austin); *Scott v. U.S. Postal Serv.*, 5:24-cv-00957-JKP, at Dkt. 9 (same).

A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to

abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). No pro se litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson*, 808 F.2d at 360.

In addition to monetary sanctions, "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). District courts are permitted to act *sua sponte* in imposing restrictions on future filings. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). However, the court must notify the litigant and provide him an opportunity to be heard on the matter before imposing a *sua sponte* pre-filing injunction on the vexatious litigant. *Id.*

Accordingly, the undersigned **WARNS** Scott that he may be subject to sanctions, including monetary sanctions or a pre-filing injunction barring him from filing future suits, if he continues to file frivolous claims and otherwise abuse his access to the judicial system.

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed

findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED July 28, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE